UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.  4:05-CR-13-01-SEB-MGN |
| | ) | |
| DWAYNE MICHAEL SHECKLES | ) | |
| | ) | |
| Defendant. | ) | |

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U.S. Magistrate Judge pursuant to the Order entered by the Honorable Sarah Evans Barker, U.S. District Court Judge, on August 15, 2012, designating the Magistrate Judge to conduct a hearing on the Petition for Warrant for Offender Under Supervision filed with the Court on August 14, 2012, and to submit to Judge Barker proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§3401(i) and 3583(e) and (g).  An initial hearing was held on August 21, 2012, and disposition proceedings were held on August 27, 2012, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure* and 18 U.S.C. §3583.  Mr. Sheckles appeared in person and with CJA counsel, Armand Judah.   The Government appeared for the Initial Hearing by Josh J. Minkler, Assistant United States Attorney.  The Government appeared at the Revocation Hearing by Lauren M. Wheatley and Matthew P. Brookman, Assistant United States Attorneys.  U.S. Probation appeared by Brian Bowers, who participated in the proceedings.

The following procedures occurred in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure* and 18 U.S.C. §3583:

1. On August 21, 2012, CJA Counsel, Armand Judah, was present to represent Mr. Sheckles in regard to the pending Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Sheckles and his counsel.  The Magistrate Judge summarized the alleged violations and, further, Mr. Sheckles and his counsel informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

3. Mr. Sheckles was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. Mr. Sheckles was informed that he would have the right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Sheckles was afforded the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. Mr. Sheckles was informed that, if the preliminary hearing resulted in a finding of probable cause that Mr. Sheckles had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing.

7. Mr. Sheckles, by counsel, waived his right to a preliminary hearing, and a written waiver waiving the preliminary hearing was executed in open court.

8. The government orally moved for detention, and a Detention Hearing was set for August 27, 2012, at 1:30 p.m.

9. On August 27, 2012, the parties advised the Court that they had reached an agreement regarding the violations as follows:

  (a) The government moved to dismiss Violation Number 1.

  (b) The Defendant admitted the allegations contained in Violation Number 5 of the Petition.

  (c) The Defendant admitted the allegations contained in Violation Numbers 2, 3 and 4, of the Petition, but stated that these violations were not done intentionally and presented evidence to that effect.

10. After hearing testimony from the defendant and Brian Bowers, U.S. Probation Officer, the Court found that the Defendant had violated the conditions of his supervised release. The parties advised the Court that they had not reached an agreement regarding the appropriate disposition for these violations. It was the government's recommendation that the defendant serve six (6) months of imprisonment followed by one (1) year of supervised release (which would include the defendant residing at a residential reentry center for six (6) months followed by six (6) months of supervised release). The defendant argued that the government's recommendations were too harsh for these violations indicating that at this time, the defendant had no criminal charges filed against him and that the defendant was ostensibly pursuing education at Sullivan Business School. The Court then took the matter of a recommended sentence under advisement.

11. The Court, NOW FINDS, that the admissions were knowingly and voluntarily entered into and that there was a basis in fact for revocation in regard to Violation Numbers 2, 3, 4, and 5. The violations are summarized as follows:

**Violation Number Nature of Noncompliance**

  **2**  *"The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."*

> **3**     *"The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month."*
>
> **4**     *"The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer."*
>
> On May 8, 2012, this officer learned the offender was shot in February 2012 outside of a night club in Louisville, Kentucky, by masked men while riding as a passenger in a vehicle. He advised the driver was a friend of his from school, but refused to provide his name.  When prompted further, he said he did not know his name.   He advised that police were contacted, and a report was filed.  The offender admitted owning a cell phone that was previously unreported.  He was placed on day reporting until he provides the probation officer with medical documentation of his gunshot wounds and a police report.
>
> On July 20, 2012, this officer discussed recent missed reporting dates, as he had only reported six times since June 12, 2012, despite being instructed to report daily until a police report was submitted to the probation office.  He reported that he "went down to the clerk and they told him to go someplace else."  He stated, "It's too hot outside to be doin' the run around."  He was asked to clarify and stated the temperature was too hot to "go runnin' all around Louisville."  As of this date, the offender has not reported since July 16, 2012, and has not submitted a copy of a police report.
>
> **5**     *"The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer."*
>
> On August 3, 2012, this officer contacted the Louisville Metropolitan Police Department to determine if the offender had filed a report.  They advised a report was filed on February 19, 2012, after he and Jamaule Hollis, an active supervised release participant in this district supervised by this officer, were shot in a vehicle together outside of a nightclub.  Mr. Hollis has prior felony convictions involving drugs, firearms, and violence.  The offender did not have the probation officer's permission to have contact with Mr. Hollis.

12. Based on the information available to the Court, the Court further finds the

following:

> 1)   Mr. Sheckles has a relevant criminal history category of V.  *See,* U.S.S.G. §7B1.4(a).
>
> 2)   The most serious grade of violation committed by Mr. Sheckles constitutes a Grade C violation, pursuant to U.S.S.G. §7B1.1(b).
>
> 3)   Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Sheckles is 7-13 months.

13. The Court, having heard the admission of the defendant, and the arguments and discussions on behalf of each party, notes that the fourth violation of this Petition shows that while the defendant ostensibly tried to attend his meetings with his Probation Officer, when he found out that he went to the wrong location, he ceased all efforts to find out where he was supposed to go.  That is not an option that the Defendant has.  However, while the Court wants to impress upon the Defendant that his job is to comply in all respects with the instructions of the U.S. Probation Officer, the Court finds that the government's recommendation of a six-month period of incarceration is unduly harsh.  The Court therefore finds that the appropriate disposition for Mr. Sheckles' violation of conditions of supervised release is as follows:

    (a)    Defendant shall be committed to the Bureau of Prisons to serve a term of imprisonment of two (2) months.

    (b)    Following the two-month term of imprisonment, the defendant shall be placed on supervised release for a period of one (1) year (consisting of six (6) months in a residential reentry facility followed by six (6) months of supervised release).

The Court, **NOW FINDS** that the defendant violated the above-delineated conditions of his supervised release as set forth in Violation Numbers 2, 3, 4 and 5 of the Petition.  Violation Number 1 is dismissed.  The defendant's supervised release is hereby **REVOKED,** and Mr. Sheckles shall be committed to the Bureau of Prisons to serve a term of imprisonment of two (2) months.  Following the two-month term of imprisonment, the defendant shall be placed on supervised release for a period of one (1) year with the previously imposed conditions.  Additionally, the Court would recommend that the defendant's term of supervised release be modified by adding the following condition of supervision: "The defendant shall reside at a

residential reentry center for a period of six (6) months and shall observe the rules of that facility."

**WHEREFORE,** the U.S. Magistrate Judge **RECOMMENDS** the Court adopt the above Report and Recommendation revoking Mr. Sheckles' supervised release.

**IT IS SO RECOMMENDED** this <u>4th</u> day of September, 2012.

_____
Michael G. Naville, Magistrate Judge
United States District Court


Distribution to all electronically registered counsel via CM/ECF

U.S. Marshal

U.S. Probation Office