UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Cause No.  4:05-cr-13-SEB-MGN-1 |
| | ) | |
| DWAYNE MICHAEL SHECKLES, | ) | |
| | ) | |
| Defendant | ) | |

### MAGISTRATE JUDGE=S REPORT AND RECOMMENDATION

This matter is before the undersigned U.S. Magistrate Judge pursuant to the Order entered by the Honorable Sarah Evans Barker, U.S. District Court Judge, on January 17, 2013, designating the Magistrate Judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed with the Court on January 17, 2013, and to submit to Judge Barker  proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. ' ' 3401(i) and 3583(e) and (g).  An Initial Hearing and disposition proceedings in this matter were held on February 12, 2013, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure* and 18 U.S.C. ' 3583.  The defendant, Dwayne Michael Sheckles, appeared in person with his retained counsel, Khalid Kahloon.  The government appeared by Lauren M. Wheatley, Assistant United States Attorney, for Melanie Conour.  U.S. Probation appeared by Brian Bowers, who participated in the proceedings.

The following procedures occurred in accordance with Rule 32.1  *Federal Rules of Criminal Procedure* and 18 U.S.C. ' 3583:

1.  On February 12, 2013, Khalid Kahloon was present for the initial hearing to represent Mr. Sheckles regarding the pending Petition on Offender Under Supervision.

1

2. A copy of the Petition on Offender Under Supervision was provided to Mr. Sheckles and his counsel who informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

3. Mr. Sheckles was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. Mr. Sheckles was informed that he would have the right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Sheckles was afforded the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. Mr. Sheckles was informed that, if the preliminary hearing resulted in a finding of probable cause that Mr. Sheckles had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Barker=s designation entered on January 17, 2013.

7. At that time Mr. Sheckles, by counsel, states his willingness to waive his right to the preliminary hearing and executed a written waiver of the same.

8. The parties advised the Court they had reached an agreement as to a recommended disposition which they wished to submit to the Court.

9. The parties stipulated the following in open Court:

   (a) As to Violation Number 1 of the Petition for Offender Under Supervision, the defendant admitted in open Court that he had violated this condition.

    (b)  The parties, by agreement, stipulated that the defendant=s supervised release would be revoked and the defendant would serve twelve (12) months plus one (1) day of imprisonment.

    (c)  There would be no term of supervised release to follow the Defendant's term of imprisonment.

    (d)  The Government would move to dismiss Violations No. 2 through 4 of the Petition.

10.   The Defendant further requested that he be allowed to self-surrender to the Bureau of Prisons. The Government and the U.S. Probation Office objected to this request. After hearing arguments of counsel and a statement by the Defendant concerning this request, the Magistrate Judge recommended that Defendant be detained pending designation to the Bureau of Prisons.

11.   The Court then proceeded to a revocation hearing upon the allegation of alleged violation of the Terms of Supervised Release, particularly as set out in Violation Number 1 of said Petition. The Court placed Mr. Sheckles under oath and inquired of him whether he admitted to the specification alleged in the Petition on Offender Under Supervision, and Mr. Sheckles admitted the violation contained in Violation Number 1. The Court specifically inquired of Mr. Sheckles whether he was making these admissions voluntarily and free from any duress, promises or undue influence. The Court further inquired if Mr. Sheckles understood that the Court was not bound by any particular plea agreement made between the United States and Defense Counsel. All of which Mr. Sheckles answered in the affirmative. The Court finds the admissions were knowingly and voluntarily entered into and that there was a basis in fact for revocation in regard to Violation Number 1. The violation is summarized as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall reside for a period of 6 months at a Residential Reentry Center (RRC) and shall observe the rules of that facility."** |

        The offender has not complied with the rules and regulations regarding passes. On one occasion, he returned an hour late from a pass to Wal-Mart. Upon return to the RRC, he provided a receipt that 1) was time-stamped for a time that was prior to his departure from the facility, suggesting it was a receipt that did not belong to him and 2) was from a Meijer store, not Wal-Mart.

        On January 10, 2013, RRC staff suspected he was under the influence of synthetic marijuana. The offender was approached and asked to provide a urine sample for testing. The offender refused the drug test and advised staff to "write the test up as a positive." A search of the offender's living area resulted in the recovery of a packet of synthetic marijuana.

        Based on his refusal to comply with the rules of the RRC and possession of contraband, he is being terminated and discharged from the program.

12.  Based on the information available to the Court, the Court further finds the following:

    (1) Mr. Sheckles has a relevant criminal history category of V.  *See,* U.S.S.G. ' 7B1.4(a).

    (2) The most serious grade of violation committed by Mr. Sheckles constitutes a Grade C violation, pursuant to U.S.S.G. ' 7B1.1(b).

    (3) Pursuant to U.S.S.G. ' 7B1.4(a) and (b)(3)(A), upon revocation of supervised release, the range of imprisonment applicable to Mr. Sheckles is seven (7) to thirteen (13)  months.

    (4) The appropriate disposition for Mr. Sheckles' violation of the conditions of supervised release is as follows:

        (a) Defendant shall be committed to the Bureau of Prisons to serve a term of imprisonment of twelve (12) months plus one (1) day.

      (b) The Court further recommends the Defendant be designated to the Lexington FMC facility for his term of imprisonment.

      (c) There will be no term of supervised release to follow the Defendant's term of imprisonment.

      (d) Violations No. 2 through 4 are DISMISSED upon oral motion of the Government.

The Court, having heard the admission of the defendant, the stipulation of the parties and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant violated the above-delineated condition of his supervised release as set forth in Violation Number 1 of the Petition. The defendant=s supervised release is hereby **REVOKED,** and Dwayne Michael Sheckles shall be committed to the Bureau of Prisons to serve a term of imprisonment of twelve (12) months plus one (1) day, with no term of supervised release to follow. The Court further recommends that Defendant be designated to the Lexington FMC facility for his term of imprisonment.

The Magistrate Judge requests that Brian Bowers, U.S. Probation Officer, prepare for submission to the Honorable Sarah Evans Barker, District Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of fact, conclusions of law and recommendation.

Counsel for the parties and Mr. Sheckles stipulated in open court to a waiver of the objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D. Ind. L.R. 72.1 (d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Sheckles entered the above stipulation and waiver after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

**WHEREFORE,** the U.S. Magistrate Judge **RECOMMENDS** the Court adopt the above Report and Recommendation revoking Dwayne Michael Sheckles' supervised release.

**IT IS SO RECOMMENDED** this 14th day of February, 2013.

_____
Michael G. Naville, Magistrate Judge
United States District Court

Distribution to all electronically registered counsel of record via CM/ECF

U.S. Probation
U.S. Marshal